**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DONALD PERKINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-379-RLY-WTL |
| ) | |
| SUPERINTENDENT, Westville ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

      In a prison disciplinary proceeding identified as No. ISF 06-09-0216, Donald Perkins ("Perkins) was found guilty of violating prison rules through the unauthorized use of a computer. Contending that the proceeding is tainted by constitutional error, Perkins seeks a writ of habeas corpus. Because the court finds that there was no error of that nature, Perkins' habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

      1.    Perkins is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

      2.    "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Perkins was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

3. Under *Wolff* and *Hill,* Perkins received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Perkins was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of his findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed. Perkins gave his account of the computer usage and his limited role in it. The conduct board had the responsibility to weigh the conflicting evidence. See *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). The conduct board weighed and resolved the conflict in the evidence presented in Perkins' case. It was under no constitutional obligation to resolve that conflict in a manner favorable to Perkins. See *Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

4. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Perkins to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that the conduct board was not impartial--because Perkins' view that the conduct board chairman, Lt. Little, was involved in the investigation of the suspected misuse of computers rests on nothing more than Perkins' speculation of how Lt. Little carrying out his duties as a shift supervisor could have intersected with the duties of those actually conducting the investigation–and that there was insufficient evidence to support the conduct board's decision–because the account of Perkins' admissions of misuse of the State computer to which he had access at the Putnamville Correctional Facility easily satisfies the "some evidence" requirement of due process in this setting. *See Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/11/2007

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana